## INHABITANTS OF WINTHROP *vs.* ALONZO FARRAR.

If the selectmen of a town, acting as a board of health, have brought a bill in equity to restrain the exercise of an offensive trade or employment which they have prohibited, under Gen. Sts. c. 26, § 52, this court have power to allow an amendment thereof, by substituting the inhabitants of the town as plaintiffs, after the term of office of the selectmen has ceased.

An order by the selectmen of a town, acting as a board of health, forbidding the exercise of an offensive trade or employment therein, need not be served by an officer.

If the selectmen of a town, acting as a board of health, after passing a general order, under Gen. Sts. c. 26, § 52, forbidding the exercise of an offensive trade or employment therein, without first giving notice to those who at the time were engaged in carrying on the same, and after giving notice of the passage of such order to a person so employed, subsequently, and before the expiration of the three days allowed by § 56 for an appeal therefrom, give notice to such person of the presentation of a petition to them, praying for the passage of a similar order upon him, and appointing a time and place for a hearing, and if they do this with the intention of preventing him from availing himself of his right of appeal from the order which they have already passed, and he is thereby so prevented, and thereby loses his right of appeal, this court will not enforce the order of the board of health by a process in equity. And if they have done this without an intention to mislead him, or to deprive him of his right of appeal, but he and his counsel have been actually mistaken in regard to his right to appeal from the order, and he has lost his appeal by reason of this mistake, and the consequences to him will be serious, this court in its discretion may and will refuse to enforce the order.

BILL IN EQUITY originally brought by John Belcher and others, selectmen of the town of Winthrop, acting as a board of health, there being no board of health chosen by the inhabitants of said town, praying that the defendant might be restrained from operating his works for the manufacture of kerosene oil therein.

At a former hearing, it appeared that the defendant was engaged in the manufacture of kerosene oil in Winthrop, and on the 29th of May 1862 the selectmen, acting as a board of health passed a general order, determining that the making of kerosene oil was a nuisance, and forbidding the exercise of such trade or

Inhabitants of Winthrop *v.* Farrar.

employment within the limits of the town ; that said order was recorded in the records of the town on the same day ; and that no prior notice was given to the defendant, but a notice of the passing of the order was served upon him on the 7th of June 1862; and it was determined that the selectmen had authority to pass said order, so as to be binding on the defendant, without first giving him notice, and the case was ordered to stand for a hearing. See 8 Allen, 325.

The answer of the defendant, amongst other things, admitted. the carrying on of the business of making kerosene oil by him within the town; denied that the same was a nuisance; professed his ignorance of the alleged order; denied that legal notice thereof had been given to him ; denied that any notice was given to him before passing the same; averred that on the 11th of June 1862, and before the expiration of the three days allowed by Gen. Sts. *c.* 26, § 56, for an appeal from the order, (one of the intervening days being Sunday,) another notice was served upon him, of which a copy was annexed, informing him of the presentation of a petition to the selectmen, praying for the passage of a similar order upon him, and appointing a time and place for a hearing thereon ; that the defendant appeared, and the plaintiffs also, and a long hearing was had, occupying many days, with witnesses and counsel; that no allusion was made by the plaintiffs to their prior order; that the whole hearing proceeded and was conducted as if no such order had been passed, that nobody then claimed that it was operative or in force, but on the contrary the defendant continued his business of making and refining the oil, with the full knowledge of the plaintiffs, that the defendant always believed and still believes that said order and alleged notice to him were superseded and waived, and were so understood by all parties; that after said hearing the plaintiffs declined to make any order on the petition, and then referred to the order which they had made on the 29th of May as having been made under Gen. Sts. *c.* 26, § 52, and said that the defendant was violating the same ; that the defendant's counsel then told the plaintiffs that if they would make an order on the petition and serve it on him he would appeal therefrom,

but they declined to do so ; all of which conduct on their part was, as the defendant believes, devised and acted by them with a view to put him in such a position as to prevent his availing himself of his right of appeal, and to take an unfair advantage of him, and to cause his rights and property to be injuriously affected or destroyed without any redress whatsoever ; that he intended to appeal and would have appealed from said order of the 29th of May, but for the service upon him of the last order of notice ; that the conduct of the plaintiffs in issuing said order of notice, and in the hearings upon the petition, and afterwards, was a waiver and supersedure of the order of the 29th of May, and was intended to be such by them ; and that the suspension of business by him would be of immense damage, the particulars of which were stated in the answer.

The case came on for a hearing before *Hoar*, J., in January 1865, and, it being admitted that Belcher and others were no longer selectmen of Winthrop, the defendant contended that the bill must be dismissed, or prosecuted by the new board of selectmen, acting as a board of health. The judge ruled that the bill was in effect brought in behalf of the town of Winthrop, and might be amended so as to make the town in form the plaintiffs ; and such amendment was allowed accordingly.

The defendant offered to prove that the person by whom the notice of the order of May 29th 1862 was served was not a constable, as by his description of himself he appeared to be ; and hat, if he was a constable, he made the alleged service in Boston, which was out of his precinct ; but the judge ruled that the notice, having been ordered by the board of health and duly received by the defendant, was sufficiently served.

The defendant then, upon the allegations contained in his answer, which he offered to prove, contended that said order of May 29th, and said notice thereof, were waived and superseded by the second order, notice of which was served June 11th, and by the conduct and proceedings of the plaintiffs in respect thereto and in respect to manufacturing by the defendant ; but the judge ruled that said allegations, if proved as stated in the answer, did not constitute or show a waiver or supersedure of said

order of May 29th, nor of said notice thereof; it appearing that the defendant did not cease from the offensive trade upon the notice; and he reserved this question for the whole court.

The defendant also, upon said allegations, contended that the plaintiffs misled him by their second order and notice, and thereby caused him to omit to appeal from their first order, and that, at least, the defendant was led to make a mistake in regard to his appeal in consequence of the conduct of the plaintiffs; and that this court, as a court of equity, should not interpose in behalf of the plaintiffs, to aid them to take an unfair and unjust advantage of the mistake and omission; but the judge ruled that the said order of May 29th, unappealed from, was conclusive upon the defendant, and that the defence was not open to the defendant in this suit, it being admitted that the defendant did not, during the three days allowed by the statute for claiming his appeal, stop his manufacturing, but wholly refused to obey the order; and he reserved this question for the whole court.

The defendant also contended that this court, as a court of equity, ought not to intervene in aid of the plaintiffs in this case, because the plaintiffs had full power to enforce their order without the intervention of this court; and this question was reserved for the whole court. The arguments were had in March 1865.

*G. A. Somerby*, for the plaintiffs.

*E. D. Sohier & B. F. Brooks*, for the defendant. 1. The plaintiffs' successors as a board of health must be made parties by a supplemental bill. 2 Dan. Ch. Pr. 1594–95. Story Eq. Pl. § 340, *n.* The town should not be allowed to become plaintiffs. 2. The notice was improperly served. Gen. Sts. *c.* 26, §§ 55, 9. 3. The subsequent proceedings operated as a supersedure of the first order and notice. *Gregg* v. *Wells*, 10 Ad. & El. 90. *Freeman* v. *Cooke*, 2 Exch. 663. *Williams* v. *Cummington*, 18 Pick. 312. *Walrath* v. *Redfield*, 18 N. Y. 461. *Vidal* v. *Girard*, 2 How. 191. 4. The plaintiffs by their conduct have shown themselves not entitled to equitable relief. *Upham* v. *Wyman*, 7 Allen, 499. *Livingston* v. *Harris*, 11 Wend. 330. *Sturgis* v. *Champneys*, 5 Myl. & Cr. 97. *Plowden* v. *Thorpe*, 7 Clark & Fin. 162. 1 Story on Eq. § 64; 2 Ib. § 885.

BIGELOW, C. J.* 1. The amendment to the bill was rightly allowed.

2. The notice to the defendant of the order of the board of health was duly served.

3. If the defendant can prove the allegations in his answer concerning the conduct of the board of health, and their intention thereby to put him in a position to prevent his availing himself of his right to appeal, and that by reason thereof he lost his opportunity to appeal, this court will refuse to enforce the order of the board of health by a process in equity. The case is to stand for hearing on this point. After the facts are ascertained and the whole case is before us on the evidence, we shall be able intelligently to determine whether the plaintiffs are entitled to ask for the interference of this court in equity, peremptorily to restrain the defendant from the prosecution of his business.

After the above decision, voluminous testimony was taken, upon which the case was again reserved for the determination of the whole court, and was argued in November 1865. The facts found are stated in the opinion.

*Somerby,* for the plaintiffs.

*Sohier & Brooks,* for the defendant.

HOAR, J. This cause has been before us twice already, and is now presented and has been fully heard, upon bill, answer, replication and proofs. It was decided upon the first argument that the order of the board of selectmen of the town of Winthrop, acting as a board of health, which prohibited the manufacture of kerosene or other oils within the town as a nuisance dangerous to the public health, was a valid and legal order under Gen. Sts. *c.* 26, § 52, and binding upon the defendant, although passed without any previous·notice to him. 8 Allen, 325.

The cause was then set down for hearing upon the bill, answer, replication and proofs; an amendment of the bill was allowed; and it was reserved for the whole court by the justice

---

* GRAY, J. did not sit in this case, at either hearing.

who heard it, upon rulings upon points of law which precluded the consideration of most of the evidence offered by the defendant. After argument, it was decided, 1. That the amendment to the bill was rightfully allowed; 2. That the notice to the defendant of the order of the board of health was duly served; and 3. That if the defendant could prove the allegations in his answer concerning the conduct of the board of health, and their intention thereby to put him in a position to prevent his availing himself of his right of appeal, and that by reason thereof he lost his opportunity to appeal, this court would refuse to enforce the order of the board of health by a process in equity. And the case was ordered to stand for hearing upon this last point.

A full hearing was again had before a justice of this court, and the case was again reserved for the whole court, for a final disposal of it.

We do not find it established by the evidence that the board of health had any intention to mislead the defendant, or deprive him of his right of appeal. They appear to have acted with regularity, good faith, and in strict compliance with the requirements of law. The order which they passed on the 29th of May 1862 was duly served upon the defendant on the 7th of June following, and nothing has been done by which it has since been modified, superseded or annulled. It remains, therefore, a valid and binding order, and the defence has failed upon the point on which the case was sent to a new hearing.

But a question has been argued upon the equity of the bill, as it stands for a final decree, which deserves careful consideration. It was suggested at the former argument, but was not passed upon by the court, for the reason that it could not be fully presented and understood until the whole evidence was heard.

Upon the final hearing it is now made to appear that the defendant was actually mistaken in regard to his right to appeal from the order of the board of health, and lost his appeal by reason of that mistake. His counsel, upon whose advice he relied, was under the same misapprehension.

We think it apparent that the board of health, when they gave the defendant notice of the petition for a new order, and

proceeded to a hearing under it, were themselves in doubt of the validity of their first order, and of its obligation upon the defendant, from the want of previous notice to him. The statute under which they acted was of a very stringent nature, and had not received judicial construction. The consequences are very serious, involving the entire destruction of the defendant's business. He omitted to appeal, because he and his counsel understood that the purpose and effect of proceeding upon the petition for a new order was a rescinding of the order already passed.

Under these circumstances, the question arises whether the extraordinary powers of a court of equity can be properly invoked, to enforce against the defendant by injunction the highly penal consequences of his error; and we are all of opinion that it is not a case which calls for their exercise.

The only adjudication that the defendant's works were a nuisance injurious to the public health was made by a tribunal before which he was not heard. It does not appear that any private right, adverse to his, is concerned. The statute upon which the maintenance of the suit depends, Gen. Sts. *c.* 26 does not expressly impose upon this court, as a court of equity the duty of enforcing the orders of the board of health made in pursuance of that chapter. Our only jurisdiction, therefore, in the premises, is the general jurisdiction of a court of equity in cases of nuisance.

Without, therefore, precluding the resort to other remedies we have come to the conclusion that equity does not require that this bill should be sustained. It is in its nature not merely remedial, but contains many of the elements of a penalty or forfeiture; and the defendant's position, however disastrous, is the result in part of a mistake.

*Bill dismissed, without prejudice.*